# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Donald R. Hatcher, Jr., ) | |
| ) | Civil Action No.: 3:17-cv-02535-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Robert Wilkie, *Secretary of Veterans Affairs*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 27, 2019. (ECF No. 65.) Within the Report, the Magistrate Judge addresses Defendant Robert Wilkie's ("Defendant") Motion for Summary Judgment (ECF No. 47). (*Id.* at 1.) Specifically, the Magistrate Judge recommends that the court grant Defendant's Motion concerning Plaintiff Donald R. Hatcher, Jr.'s ("Plaintiff") claims for race and disability discrimination, but deny Defendant's Motion as to Plaintiff's claim for retaliation. (*Id.* at 14.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 65), incorporating it herein, and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment (ECF No. 47).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts, which this court incorporates without a full recitation. (*Id.* at 1–3.) As background, Plaintiff is "a white male and is fifty-three (53) years of age." (ECF No. 1 at 1 ¶ 1.) Plaintiff formerly worked for Defendant in Huntington, West Virginia. (ECF No. 65 at 1.) In December 2014, Plaintiff began working for Defendant in Columbia, South Carolina. (ECF No. 1 at 2 ¶ 6.) Plaintiff's work in Huntington required him to work with paper

files, but his work in Columbia dealt with "computerized records." (ECF No. 47-1 at 3.) While working in Columbia, Plaintiff's first-level supervisor was Charles Lawson ("Lawson"), and his second-level supervisor was Wayne Martin ("Martin"). (ECF No. 1 at 2 ¶ 9.) To measure his job performance, Plaintiff was required to meet monthly production goals. (ECF No. 65 at 2.) In July 2015, Lawson placed Plaintiff on a ninety-day Performance Improvement Plan ("PIP") because Frazier identified deficiencies in Plaintiff's work performance. (ECF No. 1 at 2 ¶ 10; ECF No. 47-1 at 1–5; ECF No. 65 at 2.) In September 2015, Plaintiff was meeting his performance goals, and Lawson notified Plaintiff that he was taken off the PIP. (ECF No. 47-1 at 5; ECF No. 65 at 2.) Nevertheless, Plaintiff was informed that his performance "must be sustained at the fully successful level for one year from the beginning of the performance improvement plan." (ECF No. 54-7 at 2.)

In March 2016, Plaintiff's monthly performance measure fell below his performance requirements, and Lawson identified the issue, provided Plaintiff with notice, and proposed adverse actions against Plaintiff on March 14, 2016. (ECF No. 54 at 4; ECF No. 54-8 at 2.) Around this same time, a black co-worker complained that Plaintiff "banged on his car window in the parking lot one morning and yelled at him using profanity." (ECF No. 65 at 2.) Plaintiff denies that such an altercation occurred and states that he merely said "good morning" to his co-worker. (ECF No. 47-1 at 4; ECF No. 54 at 5.) Notwithstanding the purported dispute, Plaintiff admits that on February 6, 2016, he brought a firearm onto federal property, in violation of the posted signage prohibiting weapons. (ECF No. 47-1 at 4; ECF No. 65 at 2.) After an investigation into both incidents, Plaintiff was issued a two-week suspension on April 14, 2016, which became effective on April 17, 2016. (ECF No. 54-12.) On April 15, 2016, after receiving notice of his suspension, Plaintiff filed an administrative complaint with the Equal Opportunity Office ("EOO") of the

2

Department of Veterans Affairs. (ECF No. 54-13 at 5; ECF No. 54-16 at 2.) Plaintiff alleged that his suspension was motivated by discrimination based on age, disability, and race. (ECF No. 54-18 at 1.) Defendant was notified of the complaint on May 6, 2016. (ECF No. 54-17 at 2.) On May 9, 2016, Defendant proposed terminating Plaintiff for unsuccessful performance, and Plaintiff was removed from his employment on June 24, 2016. (ECF No. 54-20 at 2; ECF No. 54-22 at 2.)

Plaintiff filed his Complaint in the United States District Court for the District of South Carolina on September 20, 2017. (ECF No. 1.) Within his Complaint, Plaintiff alleges that Defendant unlawfully discriminated against him because of his disability and race. (*Id.* at 5–6 ¶¶ 31–32.) Additionally, he argues that Defendant unlawfully retaliated against him by terminating his employment after he filed his EOO complaint. (*Id.* at 6–7 ¶¶ 43–49.) Plaintiff seeks actual damages, injunctive relief, punitive damages, and attorney's fees and costs. (*Id.* at 7–8.)

The Magistrate Judge entered the instant Report on February 27, 2019. (ECF No. 65.) First, as it relates to Plaintiff's race discrimination claim, the Magistrate Judge found that Plaintiff failed to show "a comment showing discriminatory animus with a nexus to [his] suspension" and "has not identified any similarly situated individual outside his protected classes who was treated more favorably." (*Id.* at 7–8.) Turning to Plaintiff's disability discrimination claim, the Magistrate Judge reasoned that Plaintiff "cannot show that even with the requested accommodation[,] he could perform the essential functions of his position." (*Id.* at 12.) Lastly, taking up Plaintiff's retaliation claim, the Magistrate Judge concluded that a reasonable jury could conclude that "upon receiving notice of [Plaintiff's] [EOO] complaint, [] [D]efendant made a retaliatory decision to fire him and that the January and February decline in performance was a pretextual justification." (*Id.* at 14.) For these reasons, the Magistrate Judge recommends that the court grant Defendant's Motion as it

relates to Plaintiff's disability and race discrimination claims, but deny Defendant's Motion as it relates to Plaintiff's retaliation claim. (*Id.* at 14.)

Also occurring on February 27, 2019, the Magistrate Judge advised the parties of their right to file specific, written objections to the Report. (*Id.* at 15.) To date, neither party has filed any objection to the Magistrate Judge's Report. Because this matter has been fully briefed, it is now ripe for the court's review. *See generally Sauls v. Wyeth Pharm., Inc.*, 846 F. Supp. 2d 499, 501 (D.S.C. 2012) ("The parties have fully briefed the issues, and this matter is ripe for consideration.").

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the

4

Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report (ECF No. 65) accurately summarizes the law and correctly applies it to the instant Petition. (ECF No. 47.) Since no specific objections were filed by either party, and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 65) and incorporates it herein. Therefore, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment (ECF No. 47). Specifically, the court **GRANTS** Defendant's Motion (ECF No. 47) relating to Plaintiff's claims alleging race and disability discrimination, but **DENIES** Defendant's Motion (ECF No. 47) concerning Plaintiff's claim for unlawful retaliation.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 3, 2019
Columbia, South Carolina